Mr. Justice Colcocle
delivered the opinion of the court:
This case can admit of no doubt after the decision of the case Ex parte, City Sheriff, (1 McCord, 399.) The abstract question is, when mortgaged land is sold without a regular foreclosure, either at law or in equity, what interest passes to the purchaser ? And the case above mentioned, furnishes a direct answer. — The equity of redemption only is sold. It is said this case differs from the case' of the City Sheriff m this, that here the plaintiff's execution was lodged, and he must be considered as ordering the.land to be sold j and that in that case, the mortgagee *425 was the purchaser, and here the land was bought by a stranger. The latter point of difference does exist, but cannot vary the principle. As to the first, I am not satisfied that it does exist, but if it do, the lodgment of the plaintiff’s execution in the sheriff ’s office, cannot be considered as a direction to the sheriff to sell this particular piece of property, for the execution is general in its terms. It issues against all the defendant’s property, both real and personal. If, however, he had given a written direction to the sheriff to sell this plantation, it could not have altered the case, The fee in mortgaged premises cannot be sold except by foreclosure of the mortgage in Equity or in the Court of Common Law, agreeably to the provisions of the act of assembly. Can it be contended that there is any right existing in a creditor, to divest his debtor of this legal protection which the law has placed ■around his property ? I presume not. He has no reason to believe that any thing is sold, but the equity of redemption, until he is called on in some court, to shew cause why that should not be done. If he had been so called on, may henothave paid the debt and discharged the lien ? It was also urged that the purchaser, by this mode of proceeding, is taken in. He thought he was buying the fee. This is the common lot of purchasers at sheriff’s sales. Suppose a sheriff sells a tract of land in which a defendant has only a life estate, can it be said the whole interest should pass because the purchaser thought he was •buying it ?
But in this case, there were means offered, to the purchaser by which he could have known that the fee was not sold, or at all events been put upon the enquiry, viz ¡ The mortgage was recorded.
The motion to foreclose is granted.
Justices Richardson and Huger, concurred.